UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00171-BLW |
| Plaintiff, | **MEMORANDUM DECISION** |
| v. | **AND ORDER** |
| KAYLA DIANNE VICKREY, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Kayla Dianne Vickrey's Motion to Correct and Reduce Sentence to Give Defendant Credit for Time Served (Dkt. 84). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In November 2021, Defendant Kayla Vickrey pleaded guilty to distributing methamphetamine. *See Minute Entry,* Dkt. 66. A few months later, on February 3, 2022, this Court sentenced her to 70 months' incarceration followed by five years of supervised release. *See Judgment,* Dkt. 81. As of this writing, Vickrey is incarcerated at FPC Bryan, a minimum security federal prison camp in Texas. Her projected release date is January 22, 2026. *See https://www.bop.gov/inmateloc/* (last visited Nov. 4, 2024).

Vickrey's sentence was complicated by the fact that she was serving

sentences in three state-court cases when this Court imposed sentence. With those

three state cases in mind, the Court imposed a partially concurrent, partially

consecutive sentence, as reflected in this portion of the sentencing hearing

transcript:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that you be committed to the custody of the Bureau of Prisons for a term of 70 months. That sentence will run partially concurrent and partially consecutive to the defendant's sentences -- you'll have to bear with me on this -- Case Nos. 2012-11106 in the Fourth Judicial District in Ada County, and Case No. 01-17-5662, also in the Fourth Judicial District in Ada County, and Case No. CR01-20-4494 also in the Fourth Judicial District. It will be partially concurrent and partially consecutive in that it will be fully concurrent -- essentially, the sentence will commence on the date the defendant is parole eligible, on July 27, 2022, so it will run concurrent beginning on that date; otherwise it will be consecutive. So it's partially concurrent, partially consecutive, consecutive until July 27th and concurrent thereafter.

> We'll clarify that. But the reason I do that is to provide the parole commission with the incentive to immediately parole her into federal custody. I think if it is clear that her time is running and she is serving her federal sentence while in state custody, that, I think, incentivizes the parole commission to parole a defendant immediately.

*Feb. 3, 2022 Tr.*, Dkt. 90, at 27:3-24. The Judgment entered in this case did not

accurately reflect the Court's order, as it states that the federal and state sentences

would run *concurrently* prior to July 27, 2022 and consecutively thereafter—which

was backwards. Here is the verbiage from the Judgment:

> The sentence shall run partially concurrent and partially consecutive to the sentences the defendant is serving in Ada County case numbers CR01-20-4494, CR-2012-11106, and CR01-17-5662. *Such sentence is fully concurrent with the Ada County sentences until July 27, 2022, at which time, the sentence shall commence and be served consecutive to the Ada County cases.*

*Judgment,* Dkt. 81, at 2 (emphasis added).

Vickrey reports that BOP began computing her sentence on February 3, 2022 and did not credit her with any time spent in federal custody before the sentencing date (that is, the time from May 25, 2021 to February 3, 2022). She believes this is a mistake, and is effectively asking the Court to credit her with those 254 days by reducing her sentence. *See Motion,* Dkt. 84, at 3; *Ex. A thereto,* Dkt. 84-1, at 2 (reflecting "0" for "total prior credit time" and "02-03-2022" as the "date computation began").

## ANALYSIS

Vickrey brings her motion under Federal Rule of Criminal Procedure 36. Rule 36 authorizes courts to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The primary function of Rule 36 is to correct judgments when there is a difference between the oral pronouncement of a sentence and the written judgment. *See, e.g., United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) ("A

clerical error involves a failure to accurately record a statement or action by the court or one of the parties."). Rule 36 cannot support a motion to substantively modify a sentence. *See, e.g., United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). Here, as shown above, there was no error in the judgment that works to Vickrey's disadvantage. For that reason, the Court will deny the pending motion but will instead amend the judgment to reflect the actual sentence imposed, which is permissible under Rule 36.

In a related argument, Vickrey says the Court *ordered* that she receive credit for all time served while in federal custody. That's not quite right. The Court *recommended* that Vickrey be credited with such time. This recommendation is the Court's standard procedure because BOP, not this Court, computes credit for time served. *See, e.g., United States v. Wilson*, 503 U.S. 329, 334 (1992) ("§ 3585(b) does not authorize a district court to compute the credit [for time served] at sentencing"). Aside from that, to the extent Vickrey contends BOP has wrongly calculated the credit for time served, this Court does not have jurisdiction to resolve that issue. Rather, she must file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, after having exhausted her administrative remedies. Any such petition must be filed in the district of incarceration. (If Vickrey is still incarcerated in Bryan, Texas, she would file in the Southern District of Texas.) Although

nothing in this Order precludes Vickrey from filing a § 2241 petition, she should bear in mind that district courts generally do not have authority to require BOP to award credit for time served.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Correct and Reduce Sentence (Dkt. 84) is **DENIED.**

I**T IS FURTHER ORDERED that** the Judgment in this case shall be amended as follows: This language in the Judgment

> The sentence shall run partially concurrent and partially consecutive to the sentences the defendant is serving in Ada County case numbers CR01-20-4494, CR-2012-11106, and CR01-17-5662. Such sentence is fully concurrent with the Ada County sentences until July 27, 2022, at which time, the sentence shall commence and be served consecutive to the Ada County cases.

is amended to read as follows:

> The sentence shall run partially concurrent and partially consecutive to the sentences the defendant is serving in Ada County case numbers CR01-20-4494, CR-2012-11106, and CR01-17-5662. Such sentence **is consecutive to** the Ada County sentences until July 27, 2022, at which time, the sentence shall commence and be served **concurrently with** the Ada County cases **beginning on that date."**

**IT IS FURTHER ORDERED that** the Court will separately enter an amended judgment in this case.

DATED: November 4, 2024

B. Lynn Winmill
U.S. District Court Judge